1

2

3

4

5

6

7

CV 02-1066 #1

_____FILED _____ENTERED
_____LODGED_____RECEIVED

**MAY 1 4 2002**   KN

AT SEATTLE
CLERK U S DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____DEPUTY

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10   DONALD D BRINDLE,,

11                    Plaintiff,

Civil No **C02-1066**

12        v

NOTICE OF REMOVAL

13   WARDS COVE PACKING CO., INC ,

14                    Defendant

15

16   TO:        The Honorable Judges of the United States District Court
               for the Western District of Washington at Seattle

17              Defendant Wards Cove Packing Co., Inc. ("Wards Cove") by and through its

18   attorneys, Miller Nash LLP, respectfully states as follows

19              1   Defendant hereby exercises its right under 28 U.S C. §§ 1441 *et seq* to

20   remove this action from the Superior Court of Washington for King County, in which the case is

21   now pending as <u>Donald D Brindle v Wards Cove Packing Co., Inc.</u>, Cause No 02-2-12078-

22   4SEA

23

24              2   This is a civil action in which the plaintiff Donald D Brindle asserts claims

25   against Wards Cove for violations of the Age Discrimination in Employment Act ("ADEA"), 29

26

NOTICE OF REMOVAL - 1

SEADOCS 127670 1



MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE (206) 622 8484
4400 TWO UNION SQUARE
601 UNION STREET SEATTLE, WASHINGTON 98101 2352

1    U.S C. §§ 621 *et seq*, and the Americans With Disabilities Act ("ADA"), 42 U.S C. §§ 12101

2    *et seq.* Accordingly, this case arises under the laws of the United States.

3

4               3   Under 28 U.S C  § 1331, this court has original jurisdiction over the subject

5    matter of this cause of action because it is a civil action arising under the laws of the United

6    States

7               4.  Wards Cove removes this action to this court pursuant to 28 U.S C. § 1441.

8    This court has "original jurisdiction founded on a claim of right arising under the Constitution,

9    treaties or laws of the United States[.]" 28 U S C  § 1441(b)   Defendant, by exercising its right

10   to remove this action, does not waive any of its objections or defenses.

11

12              5   Plaintiff's complaint was filed in state court on April 17, 2002 and was served

13   on Wards Cove on April 23, 2002   In accordance with the requirements of 28 U S C. § 1446,

14   this Notice of Removal is filed within thirty (30) days of the receipt of the complaint.

15              6   Attached hereto as Exhibit A are true and correct copies of the summons and

16   complaint, scheduling order, case assignment designation and case information cover sheet, and

17   defendant's notice of appearance in the state court proceedings.  Pursuant to CR 101(b), Local

18   Rules W D. WA, Wards Cove will file a verified copy of the state court records within ten (10)

19   days

20

21              7.  Venue is proper in this district pursuant to 28  U.S C. § 1391  because

22   plaintiff's claims allegedly arose in King County, Washington

23              8.  Written notice of the filing of this Notice of Removal will be filed with the

24   court clerk of the Superior Court of Washington for King County

25

26

NOTICE OF REMOVAL - 2

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE (206) 622 8484
4400 TWO UNION SQUARE
601 UNION STREET  SEATTLE  WASHINGTON  98101 2352

1        9. WHEREFORE, defendant prays that the above-entitled action be removed

2  from the Superior Court of Washington for King County to the United States District Court for

3  the Western District of Washington of Seattle.

4               DATED this _i4_ day of May, 2002

5

6                            MILLER NASH LLP

7

8                            Susan K. Stahlfeld
                            WSB No 22003

9                            Attorneys for Defendant

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

NOTICE OF REMOVAL - 3

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE (206) 622 8484
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE WASHINGTON 98101-2352

1               I hereby certify that I served the foregoing NOTICE OF REMOVAL and

2    NOTICE OF FILING OF DEFENDANT'S NOTICE OF REMOVAL on:

3

4             Rebecca J Roe
              Schroeter Goldmark & Bender
              500 Central Building
              810 Third Avenue

5             Seattle, Washington  98104

6             Fax No. 206-682-2305

7                Attorney for Plaintiff

8

9    by the following indicated method or methods

10   ☐   by **faxing** full, true, and correct copies thereof to the attorney at the fax number
        shown above, which is the last-known fax number for the attorney's office, **and** by

11         **mailing** full, true, and correct copies thereof in a sealed, first-class postage-prepaid
        envelope, addressed to the attorney as shown above, the last-known office address

12         of the attorney, and deposited with the United States Postal Service at Seattle,
        Washington, on the date set forth below

13   ☐   by **mailing** full, true, and correct copies thereof in a sealed, first-class postage-
        prepaid envelope, addressed to the attorney as shown above, the last-known office

14         address of the attorney, and deposited with the United States Postal Service at
        Seattle, Washington, on the date set forth below

15

16   ☒   by sending full, true and correct copies thereof via **overnight courier** in a sealed,
        prepaid envelope, addressed to the attorney as shown above, the last-known office

17         address of the attorney, on the date set forth below

18   ☒   by causing full, true and correct copies thereof to be **hand-delivered** to the
        attorney at the attorney's last-known office address listed above on the date set

19         forth below

20             The undersigned hereby declares, under the penalty of perjury, that the foregoing

21    statements are true and correct to the best of my knowledge

22             Executed at Seattle, Washington, this _14_ day of May, 2002

23

24

25                          Susan K  Stahlfeld

26                      Attorneys for Defendant

Certificate of Service

MILLER NASH LLP
ATTORNEYS AT LAW
TELEPHONE (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE, WASHINGTON  98101 2352

# EXHIBIT A

RECEIVED
MILLER NASH LLP

2002 APR 23   AM 10: 28

1

2

3

4

5

6

7        IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
         IN AND FOR THE COUNTY OF KING

8

DONALD D BRINDLE,

9                                      No. **02 -2 - 1 2 0 7 8 - 4 SEA**

                        Plaintiff,

10                                     SUMMONS

           v

11

WARDS COVE PACKING CO , INC.,

12

                        Defendant.

13

14  **TO:    WARDS COVE PACKING CO., INC.**

15        A lawsuit has been started against you in the above-entitled court by DONALD D.

16  BRINDLE, plaintiff. Plaintiff's claim is stated in the written Complaint, a copy of which is

17  served upon you with this Summons.

18        In order to defend against the lawsuit, you must respond to the complaint by stating your

19
    defense in writing, and serve a copy upon the undersigned attorney for the plaintiff within 20
20
    days after the service of this Summons, or within 60 days if this Summons was served outside
21
    the State of Washington, excluding the day of service, or a default judgment may be entered
22

23  against you without notice. A default judgment is one where the plaintiff is entitled to what he

24  asks for because you have not responded. If you serve a notice of appearance on the undersigned

25  attorney, you are entitled to notice before a default judgment may be entered.

26

                                              SCHROETER GOLDMARK & BENDER
                                              500 Central Building • 810 Third Avenue • Seattle WA 98104
    SUMMONS - 1                                          (206) 622-8000
    P-\W\Pdocs\CX\Brindle Summons 041502 qr doc

1   You may demand that the plaintiff file the lawsuit with the court.  If you do so, the

2   demand must be in writing and must be served upon the plaintiff.  Within 14 days after the

3   service of the demand, the plaintiff must file this lawsuit with the court, or the service on you of

4   this Summons and Complaint will be void.

5
    If you wish to seek the advice of an attorney in this matter, you should do so promptly so
6
    that your written response, if any, may be served on time.
7
8   This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State

9   of Washington.

10  DATED this _15ᵗʰ_ day of _April_, 2002.

11  SCHROETER, GOLDMARK & BENDER

12

13  REBECCA J. ROE, WSBA #7260
    Counsel for Plaintiff
14

15

16

17

18

19

20

21

22

23

24

25

26

SUMMONS - 2
P \WPdocs\CX\Brindle Summons 041502 rjr doc

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
(206) 622-8000

RECEIVED
MILLER NASH LLP

2002 APR 23 AM 10: 28

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

DONALD D. BRINDLE,

              Plaintiff,

    v.

WARDS COVE PACKING CO., INC.,

              Defendant.

No. 02-2-12078-4 SEA

COMPLAINT FOR DISCRIMINATION

COMES NOW the plaintiff and alleges as follows:

I. **PARTIES AND JURISDICTION**

**1.1** Plaintiff Donald D Brindle resides in Snohomish County, Washington. Plaintiff was employed by defendant, Wards Cove Packing Co., Inc., continuously from April 1, 1979 until his employment was terminated on December 18, 2001. Plaintiff was 58 years of age at the time of his termination.

**1.2** Defendant Wards Cove Packing Co., Inc was and is a corporation duly organized under the laws of the State of Washington and doing business in King County, Washington through its employee/agents. Plaintiff worked for defendant Wards Cove Packing Co., Inc. at defendant's main office in Seattle, Washington, in King County.

**1.3** Plaintiff filed a complaint with the EEOC immediately following his termination and received notice of his right to sue February 11, 2002.

   
## II.    FACTS

**2.1**    Plaintiff Brindle was employed by Wards Cove Packing Co., Inc. for 23 years. For many years immediately preceding his termination, plaintiff Brindle was the field manager for certain of defendant Wards Cove's seafood processing and packing activities.

**2.2**    Plaintiff Brindle was suddenly terminated December 18, 2001.   The explanation he was given was that Wards Cove was eliminating an area of his responsibility, herring processing. In fact, his job had been offered to his much younger assistant in October On information and belief, the defendant Wards Cove did not eliminate the herring production business.

**2.3**    At the time of his termination, plaintiff was offered a month-to-month consulting contract to continue performing several duties he had with the company

**2.4**    At his termination, plaintiff Brindle was asked to sign a release of claims, including release of claims for age discrimination  He refused.

**2.5**    In the year preceding his termination, plaintiff had undergone back surgery and had an episode of congestive heart failure causing him to miss two days of work. Defendant is self-insured and had access to his medical records  Although plaintiff is fully physically capable, he believes his health situation was a factor in defendant's decision to wrongfully discharge him.

**2.6**    Plaintiff Brindle was capable of performing all of his job-related duties and his work performance was satisfactory through his continuous employment with defendant Wards Cove  Plaintiff Brindle's termination was not for just cause.

## III.    LIABILITY

**3.1**    Plaintiff Brindle was unlawfully discharged by defendant Wards Cove due to his age in contravention of state law.  Washington Law Against Discrimination (WLAD), RCW 49.60., et seq., RCW 49.44.090, et seq , and federal law, Age Discrimination in Employment Act (ADEA) 29 USCS § 621 et seq.

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
(206) 622-8000

1    **3.2**    Plaintiff Brindle was unlawfully discharged in violation of the Americans with
2    Disabilities Act, 42 USC § 12101, et seq., and the WLAD, RCW 49.60, et seq., because he
3    was regarded as disabled.

4    **IV.    DAMAGES**

5           As a direct and proximate result of defendant's wrongful and discriminating actions,
6    plaintiff has suffered the following damages in an amount to be proven at the time of trial.

7    **4.1**    Past and future wage loss suffered by plaintiff with interest thereon from the
8    date of his wrongful and discriminating discharge;

9           **4.2**    Mental suffering and extreme emotional distress;

10   **4.3**    Reasonable attorney's fees in accordance with RCW 49.60.30, RCW
11   49.60.180, RCW 49.44.090, RCW 49.48.030, and 29 USCS § 621, et seq., plus costs of this
12   suit;

13   **4.4**    Exemplary damages pursuant to 29 USCS § 621, et seq., specifically
14   incorporating 29 USCS §§ 216(b) and 626(b);

15          **4.5**    For such other and further relief as the Court deems just and proper

16   **V.    PRAYER FOR RELIEF**

17          **WHEREFORE,** plaintiff seeks compensatory damages in an amount to be determined
18   at trial, together with plaintiff's costs and disbursements herein incurred, attorneys' fees and
19   exemplary damages and such other and further relief as the Court deems just and equitable.

20          DATED this _1st_ day of _April_ , 2002

21                                        SCHROETER, GOLDMARK & BENDER

22

23                                        _Rebecca Roe_
                                          REBECCA J. ROE, WSBA #7560
24                                        Counsel for Plaintiffs

25

26

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
(206) 622-8000

RECEIVED
MILLER NASH LLP

2002 APR 23  AM 10: 28

### KING COUNTY SUPERIOR COURT
### CASE ASSIGNMENT DESIGNATION
### and
### CASE INFORMATION COVER SHEET
### (cics)

In accordance with LR82(e), a faulty document fee of $15 will be assessed to new case filings missing this sheet pursuant to King County Code 4 71.100

# 02-2-12078-4SEA

CASE NUMBER: _____

CASE CAPTION: __Brindle v. Wards Cove Packing Co., Inc.__

I certify that this case meets the case assignment criteria, described in King County LR 82(e), for the

___X___ **Seattle Area,** defined as:

> All of King County north of Interstate 90 and including all of the Interstate 90 right-of-way; all the cities of Seattle, Mercer Island, Bellevue, Issaquah and North Bend; and all of Vashon and Maury Islands.

_____ **Kent Area,** defined as:

> All of King County south of Interestate 90 except those areas included in the Seattle Case Assignment Area.

_____
Signature of Petitioner/Plaintiff                                    Date

or

_Rebecca Nole_
Signature of Attorney for
Petitioner/Plaintiff

__4/16/02__
Date

___7560___
WSBA Number

# KING COUNTY SUPERIOR COURT
## CASE ASSIGNMENT DESIGNATION
### and
## CASE INFORMATION COVER SHEET

Please check one category that best describes this case for indexing purposes. Accurate case indexing not only saves time but helps in forecasting judicial resources. A faulty document fee of $15 will be assessed to new case filings missing this sheet pursuant to Administrative Rule 2 and King County Code 4.71.100.

### APPEAL/REVIEW
___ Administrative Law Review (ALR 2)*
___ Civil, Non-Traffic (LCA 2)*
___ Civil, DOL (DOL 2)*

### CONTRACT/COMMERCIAL
___ Breach of Contract (COM 2)*
___ Commercial Contract (COM 2)*
___ Commercial Non-Contract (COL 2)*
___ Meretricious Relationship (MER 2)*
___ Third Party Collection (COL 2)*

### DOMESTIC RELATIONS
___ Annulment/Invalidity (with dependent children? Y N )(INV 3)*
___ Child Custody (CUS 3)*
___ Dissolution With Children (DIC 3)*
___ Dissolution With No Children (DIN 3)*
___ Legal Separation (with dependent children?  Y  N )(SEP 3)*
___ Mandatory Wage Assignment (MWA 3)
___ Modification (MOD 3)*
___ Modification - Support Only (MDS 3)*
___ Out-of-state Custody Order Registration (OSC 3)
___ Reciprocal, Respondent in County (RIC 3)
___ Reciprocal, Respondent Out of County (ROC 3)
___ Registration of Out of State Support Court Order (FJU 3)
___ Relocation Objection/Modification (MOD 3)*

### DOMESTIC VIOLENCE/ANTIHARASSMENT
___ Civil Harassment (HAR 2)
___ Confidential Name Change (CHN 5)
___ Domestic Violence (DVP 2)
___ Domestic Violence with Children (DVC 2)
___ Foreign Protection Order (FPO 2)
___ Vulnerable Adult Protection (VAP 2)

### ADOPTION/PATERNITY
___ Adoption (ADP 5)
___ Confidential Intermediary (MSC 5)
___ Establish Parenting Plan (MSC 5)*
___ Initial Pre-Placement Report (PPR 5)
___ Modification (MOD 5)*
___ Paternity (PAT 5)*
___ Paternity/UIFSA (PUR 5)*
___ Registration of Out of State Support Court Order (FJU 5)
___ Relinquishment (REL 5)
___ Relocation Objection/Modification (MOD 5)*
___ Termination of Parent-Child Relationship (TER 5)

### PROBATE/GUARDIANSHIP
___ Absentee (ABS 4)
___ Disclaimer (DSC4)
___ Estate (EST 4)
___ Foreign Will (FNW 4)
___ Guardianship (GDN 4)
___ Guardianship/Estate (G/E 4)
___ Limited Guardianship (LGD 4)
___ Minor Settlement  (MST 4)
___ Non-Judicial Filing (MSC 4)
___ Non-Probate Notice to Creditors (NNC 4)
___ Trust (TRS 4)
___ Trust Estate Dispute Resolution Act/POA (TDR 4)
___ Will Only (WLL 4)

### PROPERTY RIGHTS
___ Condemnation/Eminent Domain (CON 2)*
___ Foreclosure (FOR 2)*
___ Land Use Petition (LUP 2)*
___ Property Fairness (PFA 2)*
___ Quiet Title (QTI 2)*
___ Unlawful Detainer (UND 2)

# KING COUNTY SUPERIOR COURT
## CASE ASSIGNMENT DESIGNATION
### and
## CASE INFORMATION COVER SHEET

**JUDGMENT**
___ Confession of Judgment (MSC 2)*
___ Judgment, Another County, Abstract (ABJ 2)
___ Judgment, Another State or County (FJU 2)
___ Tax Warrant (TAX 2)
___ Transcript of Judgment (TRJ 2)

**OTHER COMPLAINT/PETITION**
___ Action to Compel/Confirm Private Binding Arbitration (MSC 2)
___ Change of Name (CHN 2)
___ Change of Birth Date (MSC 2)
___ Deposit of Surplus Funds (MSC 2)
___ Emancipation of Minor (EOM 2)
___ Frivolous Claim of Lien (MSC 2)
___ Injunction (INJ 2)*
___ Interpleader (MSC 2)
___ Malicious Harassment (MHA 2)*
___ Non-Judicial Filing (MSC 2)
___ Seizure of Property from the Commission of a Crime (SPC 2)*
___ Seizure of Property Resulting from a Crime (SPR 2)*
___ Structured Settlements (MSC 2)*

**TORT, MEDICAL MALPRACTICE**
___ Hospital (MED 2)*
___ Medical Doctor (MED 2)*
___ Other Health Care Professional (MED 2)*

**TORT, MOTOR VEHICLE**
___ Death (TMV 2)*
___ Non-Death Injuries (TMV 2)*
___ Property Damage Only (TMV 2)*

**TORT, NON-MOTOR VEHICLE**
___ Asbestos (PIN 2)**
___ Implants (PIN 2)
___ Other Malpractice (MAL 2)*
_X_ Personal Injury (PIN 2)*
___ Products Liability (TTO 2)*
___ Property Damage (PRP 2)*
___ Wrongful Death (WDE 2)*

**WRIT**
___ Habeas Corpus (WHC 2)
___ Mandamus (WRM 2)**
___ Review (WRV 2)**

* The filing party will be given an appropriate case schedule.

** Case schedule will be issued after hearing and findings.

**IF YOU CANNOT DETERMINE THE APPROPRIATE CATEGORY, PLEASE DESCRIBE THE CAUSE OF ACTION BELOW:**

RECEIVED
MILLER NASH LLP

2002 APR 23  AM 10: 28

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF KING

|  |  |
|---|---|
| Plaintiff(s), | NO  02-2-12078-4SEA |
| vs | ORDER SETTING CIVIL CASE SCHEDULE |
|  | ASSIGNED JUDGE  PARIS K. KALLAS |
| Defendant(s) | TRIAL DATE: Mon 9/08/03<br>(*ORSCS) |

On **Wed 4/17/02**, a civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge

### I. NOTICES

**NOTICE TO PLAINTIFF:**

The Plaintiff may serve a copy of this **Order Setting Case Schedule (***Schedule***)** on the Defendant(s) along with the **Summons and Complaint/Petition.** Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the **Summons and Complaint/Petition** or (2) service of the Defendant's first response to the **Complaint/Petition**, whether that response is a **Notice of Appearance**, a response, or a Civil Rule 12 (CR 12) motion  The **Schedule** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

*"I understand that I am required to give a copy of these documents to all parties in this case."*

_____  |  _____
Print Name                                               Sign Name

ORDER SETTING CIVIL CASE SCHEDULE                                    Revised August 2001

## I. NOTICES (continued)

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLR*] — especially those referred to in this *Schedule*  In order to comply with the *Schedule*, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed.  For example, *discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [See KCLR 26]*, and for meeting the discovery cutoff date [*See KCLR 37(g)*]

**SHOW CAUSE HEARINGS FOR CIVIL CASES** [King County Local Rule 4(g)]
A *Show Cause Hearing* will be held before the assigned judge if the case is not at issue  The Order to Show Cause will be mailed to all parties by the Judicial Assistant of the assigned judge.  The parties or counsel are required to attend.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date  It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLR 41, and forwarding a courtesy copy to the assigned judge  If a final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice

**If you miss your scheduled Trial Date,** the Superior Court Clerk is authorized by KCLR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses*  When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration** and is at issue.  If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration.  Any party filing a Statement must pay a $120 arbitration fee  If a party seeks a trial de novo when an arbitration award is appealed, a fee of $250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
**All** parties will be assessed a fee authorized by King County Code 4 71 050 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements and/or Local Rule 41

## II. CASE SCHEDULE

| CASE EVENT | DEADLINE or EVENT DATE |
|---|---|
| Case Filed and Schedule Issued | Wed 4/17/02 |
| ✓ Confirmation of Service [See KCLR 4 1] | Wed 5/15/02 |
| ✓ Statement of Arbitrability [See KCLMAR 2 1(a)] \$120 arbitration fee must be paid | Wed 9/25/02 |
| **DEADLINE** for Hearing Motions to Change Case Assignment Area [KCLR 82(e)] | Wed 10/09/02 |
| **DEADLINE** for Disclosure of Possible Primary Witnesses [See KCLR 26(b)] | Mon 4/07/03 |
| ✓ Joint Pretrial Report [See attached order] | |
| **DEADLINE** for Disclosure of Possible Rebuttal Witnesses [See KCLR 26(c)] | Mon 5/19/03 |
| ✓ Jury Demand [See KCLR 38(b)(2)] | Mon 6/02/03 |
| **DEADLINE** for a Change in Trial Date [See KCLR 40(e)(2)] | Mon 6/02/03 |
| **DEADLINE:** Discovery Cutoff [See KCLR 37(g)] | Mon 7/21/03 |
| **DEADLINE.** Exchange Witness & Exhibit Lists & Documentary Exhibits [KCLR 16(a)(3)] | Mon 8/18/03 |
| **DEADLINE** for Hearing Dispositive Pretrial Motions [See KCLR 56; CR 56] | Mon 8/25/03 |
| **DEADLINE** to Comply with Settlement Conference Requirement [See attached Order] | |
| ✓ Joint Statement of Evidence [See KCLR 16(a)(4)] | Tue 9/02/03 |
| Trial Date [See KCLR 40] | Mon 9/08/03 |

✓ **Indicates a document that must be filed with the Superior Court Clerk's Office by the date shown.**

### III. ORDER

Pursuant to King County Local Rule 4 [KCLR 4], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this Order Setting Civil Case Schedule and attachment on all other parties

*Richard D. Eadie*

. **Richard D. Eadie**

DATED   4/17/2002

PRESIDING JUDGE

## IV. ORDER ON ASSIGNMENT TO INDIVIDUAL CALENDAR

### READ THIS ORDER PRIOR TO CONTACTING YOUR ASSIGNED JUDGE

This case has been assigned to the Individual Calendar (I.C ) Judge whose name appears in the caption of this *Schedule* The I C Judge will preside over and manage this case and will conduct trials, motions, and conferences in this matter until completion of all issues

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible

The following procedures hereafter apply to the processing of this case:

**Applicable Rules:**
Except as specifically modified below, all the provisions of KCLR 4-26 shall apply to the processing of civil cases before I.C. Judges.

**I.C. Schedule and Requirements:**
A. Trial: Trial is confirmed for 9:00 a.m. on the date on the *Schedule* The Friday before trial, the assigned court will contact the parties to determine the status of the case and inform the parties of any adjustments to the Trial Date.

B. Joint Status Report: **120 days before the Trial Date,** parties shall prepare and file, with a copy to the assigned judge, a joint status report setting forth the nature of the case, whether a jury demand has been filed, the expected duration of the trial, the status of discovery, the need to amend pleadings or add parties, whether a settlement conference has been scheduled, special problems, etc   Plaintiff's/Petitioner's counsel is responsible for proposing and contacting the other parties regarding said report.

C. Pretrial Conference: A pretrial conference will be scheduled by the assigned judge.  Approximately thirty (30) days before the conference, you will receive an *Order Setting Pretrial Conference* that will set the specific date and time for the conference.  The conference will be held in the courtroom of the assigned judge, and the following nonexclusive list of matters will be addressed at that time:

    1)    Status of settlement discussions,
    2)    Jury trial -- selection and number of jurors;
    3)    Potential evidentiary problems;
    4)    Potential motions *in limine*;
    5)    Use of depositions;
    6)    Deadlines for nondispositive motions;
    7)    Procedures to be followed with respect to exhibits;
    8)    Witnesses -- identity, number, testimony;
    9)    Special needs (e g. interpreters, equipment);
    10)    Trial submissions, such as briefs, Joint Statement of Evidence, jury instructions, voir dire questions, etc.
    11)    Receipt of Public Assistance Payments (Domestic Cases) -- **If any party is on public Assistance, notify the Prosecutor's Office of this proceeding now at 296-9020.**

D. Settlement/Mediation/ADR:
1) **45 days before the Trial Date,** counsel for plaintiff shall submit a written settlement demand.  Ten (10) days after receiving plaintiff's written demand, counsel for defendant shall respond (with a counteroffer, if appropriate).
2) **30 days before the Trial Date,** a settlement/mediation/ADR conference shall have been held. **FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.**
3) **20 days before the Trial Date,** counsel for plaintiff shall advise the assigned judge of the progress of the settlement process.

### SEE NEXT PAGE

I.C. Motions Procedures:

A. Noting of Motions

1) Dispositive Motions: All Summary Judgment or other motions that dispose of the case in whole or in part will be heard with oral argument before the assigned judge. The moving party must arrange with the bailiff a date and time for the hearing, consistent with the court rules.

2) Nondispositive Motions: These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the *Note for Motion* should state "Without Oral Argument."

3) Motions in Family Law Cases: Discovery motions to compel, motions in limine and motions relating to trial dates shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions Calendar.

4) Emergency Motions: Emergency motions will be allowed only upon entry of an *Order Shortening Time.* However, emergency discovery disputes may be addressed by telephone call, and without written motion, if the judge approves.

B. Filing of Papers All original papers must be filed with the Clerk's Office on the 6th floor. *The working copies of all papers in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge.* The assigned judge's working copy must be delivered to his/her courtroom or to the judges' mailroom. Do not file working copies with the Motions Coordinator, except those motions to be heard on the Family Law Motions Calendar, in which case the working copies should be filed with the Family Law Motions Coordinator.

1) Original Proposed Order: Each of the parties must include in the materials submitted on any motion an original proposed order sustaining his/her side of the argument. Should any party desire a copy of the order as signed and filed by the judge, a preaddressed, stamped envelope shall accompany the proposed order.

2) Presentation of Orders: All orders, agreed or otherwise, must be presented to the assigned judge. If that judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the assigned judge or in the Ex Parte Department. Formal Proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or Formal Proof may be entered in the Ex Parte Department. If final orders and/or Formal Proof are entered in the Ex Parte Department, counsel is responsible for providing the assigned judge with a copy.

C. Form: Memoranda/briefs for matters heard by the assigned judge may not exceed 24 pages for dispositive motions and 12 pages for nondispositive motions, unless the assigned judge permits over-length memoranda/briefs in advance of filing. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

IT IS SO ORDERED. FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS. PLAINTIFF/PETITIONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.

*Richard D. Eadie*

**Richard D. Eadie**

JUDGE

revised 1/10/2000

The Hon. Paris K. Kallas

1

2

3

4

5

6

7           SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

8    DONALD D. BRINDLE,

9                Plaintiff,                    Case No. 02-2-12078-4SEA

10        v                                    NOTICE OF APPEARANCE

11   WARDS COVE PACKING CO., INC ,

12               Defendant.

13   TO:        Donald D. Brindle

14   AND TO·    Rebecca J. Roe of Schroeter Goldmark & Bender, his attorneys

15               PLEASE TAKE NOTICE that defendant Wards Cove Packing Co , Inc., without

16   waiving objections as to improper service or jurisdiction, hereby enters its appearance by the

17   undersigned attorneys of record. Service of all further pleadings, notices, documents or other

18   papers herein, exclusive of process, may be had upon this defendant by serving the undersigned

19   attorneys at their address below stated.

20               DATED this 25 day of April, 2002.

21                                             MILLER NASH LLP

22

23                                            James R. Dickens
                                              WSBA No. 04610
24
                                              Attorneys for Defendant
25

26

NOTICE OF APPEARANCE - 1
SEADOCS 126642 1

1     I hereby certify that I served the foregoing NOTICE OF APPEARANCE on:

2     Rebecca J. Roe
      Schroeter Goldmark & Bender
3     500 Central Building
      810 Third Avenue
4     Seattle, WA 98104

5     FAX # (206) 682-2305

6       Attorneys for Plaintiff

7
 by the following indicated method or methods.
8

9  [x] by **faxing** full, true, and correct copies thereof to the attorney at the fax number shown above, which is the last-known fax number for the attorney's office, on the date set forth below. The receiving fax machine was operating at the time of
10    service and the transmission was properly completed.

11 [x] by **mailing** full, true, and correct copies thereof in a sealed, first-class postage-prepaid envelope, addressed to the attorney as shown above, the last-known office
12    address of the attorney, and deposited with the United States Postal Service at Seattle, Washington, on the date set forth below.
13

14 [ ] by sending full, true and correct copies thereof via **overnight courier** in a sealed, prepaid envelope, addressed to the attorney as shown above, the last-known office
15    address of the attorney, on the date set forth below

16 [ ] by causing full, true and correct copies thereof to be **hand-delivered** to the attorney at the attorney's last-known office address listed above on the date set
17    forth below.

    DATED this 25th day of April, 2002
18

19

20       James R. Dickens

21        Of Attorneys for Defendant

22

23

24

25

26

Certificate of Service
SEADOCS 126642 1

MILLER NASH LLP
ATTORNEYS AND COUNSELORS AT LAW
TELEPHONE (206) 622-8484
4400 TWO UNION SQUARE
601 UNION STREET, SEATTLE, WASHINGTON 98101-2352